## T. DONLEY v. THE STATE.

### No. 3217.   Decided October 25, 1905.

**Local Option—Interstate Shipment.**

Where on trial for local option the evidence showed that the whisky sold was an interstate shipment by express direct to the purchaser, the conviction could not be sustained.

Appeal from the County Court of Camp. Tried below before Hon. J. D. Bass.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $40 and thirty days confinement in the county jail.

The opinion states the case.

No brief for either party has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law. The indictment charges that appellant unlawfully sold intoxicating liquor to R. Honeycutt. The proof shows that appellant was soliciting agent for Crigler & Crigler, a firm doing business in Louisville, Kentucky, and as such agent secured from prosecuting witness an order for some whisky, which was to be sent to him by express by said firm, upon the receipt of the order. Prosecuting witness subsequently secured the whisky through the express company, paying for the same together with the express charges. The testimony further shows that appellant told prosecutor that he (appellant) was to receive 50 cents per gallon for each gallon of whisky for which he (appellant) secured an order. However, it was agreed between appellant and his firm that if the party from whom he obtained the order, did not pay for the whisky upon its receipt by express, and the same was sent back to Kentucky, then appellant did not receive any pay, and would pay the return charges on the whisky. Under the decisions of this court, this is an interstate shipment, and the conviction can not be sustained. Sedgwick v. State, 12 Texas Ct. Rep., 455; Keller v. State, 13 Texas

Ct. Rep., 264. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*